UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.

FRANKIE COOK,

        Defendant.

20-CR-84-LJV
DECISION & ORDER

---

On October 6, 2022, this Court sentenced the defendant, Frankie Cook, to a term of 108 months' imprisonment for possessing heroin and fentanyl with the intent to distribute them and possessing a firearm after being convicted of a felony. *See* Docket Item 156 at 1-2. In doing so, the Court accepted the parties' plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), requiring the Court to impose a sentence of between 108 and 135 months. *See* Docket Item 133 at ¶ 12.

The plea agreement calculated Cook's United States Sentencing Guidelines ("USSG" or "Guidelines") range as being 97 to 121 months' imprisonment based on a total offense level of 29 and a criminal history category of II. *Id.* at ¶ 11. The Presentence Investigation Report ("PSR"), however, found Cook to be in criminal history category III, resulting in a Guidelines range of 108 to 135 months, Docket Item 152 at ¶ 54. The Court agreed with the PSR's calculation. *See* Docket Item 157 at 1.

In May 2023, the United States Sentencing Commission submitted to Congress an amendment to the Guidelines regarding the calculation of certain defendants' criminal history points. As relevant here, the amendment reduced the offense level calculation for certain defendants by eliminating or reducing the status points assigned

under USSG §4A1.1(d), resulting in a lower Guidelines range.  On August 24, 2023, the Sentencing Commission voted to apply the amendment retroactively, with an effective date of February 1, 2024, and on November 1, 2023, the amendment took effect.

On December 18, 2023, Cook moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  Docket Item 168.  In that motion, Cook calculated his new Guidelines range as 97[1] to 121 months and asked the Court to "issue an Amended Judgment sentencing him to a period of incarceration consistent with the new sentencing range."  *Id.* at 1-2.

About a month later, the United State Probation Office filed an Abbreviated Supplemental Presentence Report ("Supplemental PSR"), computing Cook's Guidelines range as 97 to 121 months under the November 2023 amendment.  Docket Item 170 at 1.  The Supplemental PSR stated that "[e]ffective February 1, 2024, the defendant will have served approximately 47 months and 7 days" and that "[h]e has earned 162 days of good time credit thus far."  *Id.*  It further explained that "[a]t present, the defendant's projected release date (without regard to the current motion for a sentence reduction) is December 7, 2027."  *Id.*

On January 22, 2024, the government responded.  Docket Item 172.  The government acknowledged "that the status-points amendment applies to [Cook]."  *Id.* at 2.  The government argued, however, that "because the Court's original sentence of 108 months is within the new guideline range, and because [Cook pleaded] guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to a range that encompasses that sentence, [his] sentence should not be further reduced."  Docket Item 172 at 2.

---

[1] The motion states "92" as the low end of the range, Docket Item 168 at 1, but that appears to be a typographical error as Cook's reply uses the correct range of 97 to 121 months, Docket Item 173 at 2.

On January 31, 2024, Cook replied.  Docket Item 173.  He noted that "[i]n deciding whether, and to what extent, a reduction is warranted, the Court is directed . . . to substitute the amended [G]uideline[s] range for the originally[ ]applied [G]uideline[s] range and determine what sentence it would have imposed."  *Id.* at 2.  Cook added that "while the fact that the parties agreed upon a range in the plea agreement is a factor the Court can now consider, it does not preclude a reduction under the amended [G]uidelines, particularly when considering Mr. Cook's post sentence behavior."  *Id.*  And he "ask[ed] this Court to consider his post sentence conduct, including earning a GED and taking classes designed to help him secure stable, lawful employment upon release, and [to] reduce his sentence to 97 months."  *Id.* at 3.

As Cook observes, this Court must determine what sentence it would have imposed had Cook's Guidelines range been 97 to 121 months at the time of sentencing.  Significant here is the fact that Cook and the government contemplated precisely that range in their 11(c)(1)(C) plea agreement, which this Court accepted.  *See* Docket Item 133 at ¶¶ 11-12.  In other words, as the government notes, Cook "agreed, at the time of his plea and sentencing, that with a [criminal history category of] II and a sentencing range of 97 to 121 months, he was nevertheless appropriately subject to an additional period of incarceration between 108 and 135 months."  Docket Item 172 at 7.

Moreover, in instances when the plea agreement anticipates a lower Guidelines range than is ultimately calculated by PSR, this Court gives significant weight to the Guidelines range in the plea agreement when imposing a sentence.  In other words, the Court already considered the 97-to-121-month range at the time of sentencing even though it was the not the correct range at that time.  Therefore, this Court finds that its

3

sentence would have been no different had 97 to 121 months been the applicable Guidelines range at the time of Cook's sentencing. And while Cook's post-sentence efforts to better himself are commendable, given the section 3553(a) factors, they do not warrant reducing his sentence below the range to which the parties agreed in their 11(C)(1)(C) plea agreement.

Cook's motion to reduce his sentence, Docket Item 168, is therefore DENIED.

SO ORDERED.

Dated:  May 20, 2024
        Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE